**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RONNA KISER<br>301 S. Lincoln Ave.<br>Barnesville, OH 43713<br><br>      Plaintiff,<br><br>v.<br><br>NEWREZ, LLC DBA SHELLPOINT<br>MORTGAGE SERVICING<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>      Defendant. | Case Number: 2:20-cv-2262<br><br>Judge:<br><br><br><br>**JURY DEMAND ENDORSED HEREIN** |

**COMPLAINT FOR MONEY DAMAGES**

The following allegations are based upon Plaintiff Ronna Kiser's ("Mrs. Kiser")'s personal knowledge, the investigation of counsel, and information and belief. Mrs. Kiser, through counsel, alleges as follows:

**I. INTRODUCTION**

1. Mrs. Kiser applied for loss mitigation to stop foreclosure and obtain an answer on whether she could save her home with Defendant NewRez, LLC, d/b/a Shellpoint Mortgage Servicing ("Shellpoint"), to which Shellpoint (1) failed to exercise reasonable diligence in requesting and reviewing information submitted by Mrs. Kiser; (2) failed to properly consider her loss mitigation application complete; and (3) made false and misleading statements to Mrs. Kiser concerning her loss mitigation application.

2. Because federal law prohibits the mishandling of a properly submitted loss mitigation application and prohibits false and misleading statements concerning the same, Shellpoint is liable to Mrs. Kiser for her actual damages, costs, and attorney fees under federal law.

## II. PRELIMINARY STATEMENT

3. Mrs. Kiser institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against Shellpoint for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq*. and Regulation X, 12 C.F.R. § 1024.1, *et seq*; and for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

## III. JURISDICTION

4. This Court has jurisdiction for the First Count pursuant to RESPA, 12 U.S.C. § 2614, Regulation X, 12 C.F.R. 1024, *et. seq.*, and 28 U.S.C. §§ 1331 and 1337.

5. This Court has jurisdiction for the Second Count pursuant to FDCPA, 15 U.S.C § 1692k(d) and 28 U.S.C §§ 1331 and 1337.

## IV. PARTIES

6. Mrs. Kiser is a natural person currently residing within this Court's jurisdiction at 301 S. Lincoln Ave., Barnesville, OH 43713.

7. Mrs. Kiser was and is a person within the meaning of RESPA at 12 U.S.C. § 2602(5) at all times relevant to this case.

8. Mrs. Kiser is a borrower for the purposes of RESPA.

9. Mrs. Kiser was and is a **consumer** within the meaning of the FDCPA at 15 U.S.C. § 1692a(3).

10. Shellpoint is a limited liability company organized under the laws of the State of Delaware.

11. Shellpoint was and is a person within the meaning of RESPA at 12 U.S.C. § 2602(5) at all times relevant to this transaction.

12. Shellpoint was and is a loan servicer of Plaintiff's federally related mortgage loan within the meaning of those terms in RESPA at 12 U.S.C. §§ 2605(i)(2) and 2602(1), respectfully, at all times relevant to this transaction.

13. Shellpoint was and is a **debt collector** within the meaning of the FDCPA at 15 U.S.C. § 1692a(6).

## V. FACTUAL ALLEGATIONS

14. Mrs. Kiser incorporates all other paragraphs in this Complaint by reference as though fully written here.

15. In 2006, Mrs. Kiser purchased residential real property located at 301 S. Lincoln Ave., Barnesville, OH 43713 (the "Property") with a note secured by a mortgage ("Note") ("Mortgage") (collectively "Mortgage Loan").  A true and accurate copy of the Note and Mortgage are attached as Exhibits A and B.

16. The Property was and is Mrs. Kiser's primary residence.

17. The Mortgage Loan was and is a federally related mortgage loan within the meaning of RESPA at 12 U.S.C. §§ 2605(i)(2) and 2602(1).

18. In late 2018, Mrs. Kiser suffered a temporary reduction in income due to losing her full-time position resulting in a temporary hardship.

19. On January 8, 2020, the owner of the mortgage loan filed a foreclosure action in Belmont County Ohio.

20. Shellpoint is the current mortgage servicer of the Mortgage Loan effective on February 1, 2020.

21. On February 11, 2020, the Belmont County Common Pleas Court issued an expedited Scheduling Order setting a dispositive motion deadline for March 23, 2020 and a bench trial of April 17, 2020.

22. Mrs. Kiser submitted a loss mitigation application to Shellpoint on February 21, 2020 to be considered for all loss mitigation options and avoid losing Property through foreclosure.

23. Shellpoint received Mrs. Kiser's loss mitigation application on February 21, 2020 ("February Application").

24. A true and accurate copy of the February Application is attached as Exhibit C.

25. Shellpoint did not timely respond in writing to the February Application.

26. Shellpoint sent a letter dated March 3, 2020 stating it was missing documents that Mrs. Kiser already submitted ("March 3, 2020 Letter").

27. A true and accurate copy of the March 3, 2020 letter is attached as Exhibit D.

28. Mrs. Kiser did not receive the March 3, 2020 Letter until March 10, 2020.

29. On March 10, 2020, Mrs. Kiser requested clarification from Shellpoint as to what additional documents it needed.

30. On March 19, 2020, Shellpoint responded and again requested documents and information that Mrs. Kiser already submitted to Shellpoint.

31. Shellpoint admitted it still did not know what it needed in reference to the "Complete and signed Uniform Borrower Assistance Form Request."

32. As of March 31, 2020, Shellpoint has still not clarified what documents or information Mrs. Kiser needs to submit to complete the February Application.

33. On April 7, 2020, Mrs. Kiser sent additional verification of her bank transaction history to Shellpoint.

34. Shellpoint did not respond to the April 7, 2020 submission.

35. Shellpoint requested documents and information it did not need and failed to exercise reasonable diligence related to the February Application.

36. Shellpoint improperly considered Mrs. Kiser's application incomplete.

37. Despite Mrs. Kiser's repeated attempts to get Shellpoint to evaluate her for loss mitigation, Shellpoint repeatedly ignored her requests in violation of federal law.

38. Despite Mrs. Kiser's diligence and repeated attempts to save her home from foreclosure, Shellpoint continued to ignore its obligations under RESPA.

39. Shellpoint communicated contradictory instructions to Mrs. Kiser about what information was needed to complete her loss mitigation application.

40. Shellpoint failed to send Mrs. Kiser notices required by federal law and failed to properly evaluate Mrs. Kiser for loss mitigation options.

41. As a result of Shellpoint's actions, Mrs. Kiser suffered and continues to suffer severe emotional distress, including feelings of helplessness, anxiety, stress, and sleepless nights.

42. The stress, anxiety, and sleepless nights were exacerbated by the urgency at which she needed to get an answer regarding her February 2020 Application given the Court's expedited scheduling order in place when she sent in her application.

43. As a result of Shellpoint's actions, Mrs. Kiser was required to incur the legal fees and expenses related to correcting and seeking clarification from Shellpoint regarding its deficient RESPA notices and required to incur fees and costs of initiating the present lawsuit.

44. Mrs. Kiser incurred and continues to incur costs and attorney fees to defend the continued foreclosure.

45. Mrs. Kiser continues to incur unnecessary costs and attorney fees related to submitting documents and information to Shellpoint as a direct result of Shellpoint's manufactured, duplicative, vague and contradictory requests for information.

46. Mrs. Kiser fears that Shellpoint will fail to honor its requirements to evaluate her for loss mitigation options pursuant to federal law, and continue to charge her ever increasing amounts to reinstate or modify her Mortgage Loan.

47. As a result of Shellpoint's actions, Mrs. Kiser has ever increasing arrearages for escrow, late payments, interest charges on the loan caused by Shellpoint's lack of diligence.

## VI. COUNT ONE – RESPA – LOSS MITIGATION

48. Mrs. Kiser incorporates all paragraphs by reference as though fully written here.

49. Shellpoint's actions described herein constitute violations of RESPA, 12 U.S.C. 1601, *et seq.*, and Regulation X, 12 C.F.R. 1024.40 and 12 C.F.R. 1024.41.

50. By failing to provide Mrs. Kiser with the correct notices regarding Mrs. Kiser's February 2020 Application, Shellpoint violated Regulation X, 12 C.F.R. 1024.41(b)(2)(i)(B).

51. By failing to exercise reasonable diligence in obtaining documents and information to allegedly complete Mrs. Kiser's February 2020 Application, Shellpoint violated Regulation X, 12 C.F.R. 1024.41(b)(1).

52. By failing to evaluate Mrs. Kiser for all loss mitigation options available to Mrs. Kiser in response to her February 2020 Application, Shellpoint violated Regulation X, 12 C.F.R. 1024.41(c)(1)(i).

53. By failing to send Mrs. Kiser a notice within thirty days after Shellpoint received Ms. Kiser's February 2020 Application to inform her of her loss mitigation options, Shellpoint violated Regulation X, 12 C.F.R. 1024.41(c)(1).

54. Shellpoint's actions described herein constitute violations of RESPA, 12 U.S.C. 1601, *et seq.*, and Regulation X, 12 C.F.R. 12 C.F.R. 1024.41.

55. Shellpoint regularly fails to evaluate and process loss mitigation applications of its borrowers in compliance with RESPA and Regulation X.

56. Shellpoint engaged in a pattern or practice of noncompliance with the requirements of RESPA.

57. As a result of Shellpoint's actions, Mrs. Kiser suffers severe emotional distress, including feelings of hopelessness, anxiety, stress, and sleepless nights.

58. As a result of Shellpoint's actions, Mrs. Kiser was required to incur the legal fees and expenses related to correcting and seeking clarification from Shellpoint regarding its deficient RESPA notices and required to incur fees and costs of initiating the present lawsuit.

59. Mrs. Kiser incurred and continues to incur costs and attorney fees to defend the continued foreclosure.

60. Mrs. Kiser continues to incur costs and attorney fees related to submitting additional document requests to Shellpoint as a direct result of Shellpoint's manufactured, duplicative, vague and contradictory requests for information.

61. As a result of Shellpoint's actions, Ms. Kiser was prevented or delayed from obtaining a loan modification and saving her home.

62. Shellpoint is liable to Mrs. Kiser under this Count for its RESPA violations in an amount equal to or greater than: statutory damages of $2,000.00, actual damages for Shellpoint's violations of RESPA in excess of $25,000, and the costs of this action and attorney's fees, 12 U.S.C. 2605(f).

## VII. COUNT TWO – FDCPA

63. Ms. Kiser incorporates all other paragraphs in this Complaint by reference as though fully written here.

64. Shellpoint was and is subject to the FDCPA at all relevant times.

65. Shellpoint acquired the Mortgage Loan after it was in default.

66. Shellpoint's actions stated herein violated 15 USC 1692, *et. seq.*

67. Shellpoint's statements and letters sent in response to the February 2020 Application constitute false or misleading representations in violation of 15 U.S.C. § 1692e.

68. Shellpoint's actions stated herein are false, deceptive, or misleading representations in connection with the collection of the debt in violation of 15 U.S.C. § 1692e(2), (5), and (10).

69. Mrs. Kiser has suffered emotional distress, including depression, anxiety, and sleepless nights as a result of Shellpoint's actions.

70. Shellpoint's misleading communications in response to Mrs. Kiser's February 2020 Application caused Mrs. Kiser increased stress anxiety and emotional distress related to whether or not she would be considered for options to save her home and how best to prepare for her and her family's future.

71. Mrs. Kiser's emotional distress and worry was exacerbated by the time crunch she knew she was under to get a complete application and the uncertainty regarding what was needed to complete her application in order to learn what she needed to do to save her home.

72. Shellpoint is liable to Mrs. Kiser in the amount of her actual damages in excess of $25,000, statutory damages in the amount of at least $1,000, plus attorneys' fees, and costs of the action, including pursuant to 15 U.S.C. § 1692k(a).

**VIII. PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court:

73. Assume jurisdiction of this case;

74. Award Mrs. Kiser maximum actual, economic, non-economic, statutory, punitive, and other damages allowable under the law;

75. Award Mrs. Kiser actual damages to be established at trial pursuant to 12 U.S.C. § 2605(f) and 15 U.S.C. § 1692(k)(a)(1);

76. Award Mrs. Kiser statutory damages in the amount of at least $2,000, plus attorneys' fees, and costs of the action, including pursuant to 12 U.S.C. § 2605(f);

77. Award Mrs. Kiser statutory damages in the amount of at least $1,000, plus attorneys' fees, and costs of the action, including pursuant to 15 U.S.C. § 1692k(a)(2)(A);

78. Award Mrs. Kiser additional damages and costs;

79. Declare that Shellpoint's acts and practices violate RESPA and the FDCPA.

80. Award such other relief as the Court deems appropriate.

Dated: May 4, 2020

Respectfully Submitted,
Kohl & Cook Law Firm, LLC

*/s/Timothy J. Cook*
Timothy J. Cook (0093538)
Sean M. Kohl (0086726)
1900 Bethel Rd.
Columbus, OH 43220
PH (614) 763-5111
FAX (937) 813-6057
Timothy@KohlCook.com
Sean@KohlCook.com
*Attorneys for Plaintiff Ronna Kiser*

## **JURY TRIAL DEMANDED**

Plaintiff respectfully requests a jury trial on all triable issues.

>　*/s/ Timothy J. Cook*
>　Timothy J. Cook (0093538)